NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 5, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1735

| | |
|---|---|
| KEVIN S. DAVIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-04396-JRS-MG |
| PAPA JOHN'S USA, INC., *et al.*, *Defendants-Appellees*. | James R. Sweeney II, *Judge*. |

## O R D E R

Kevin Davis sued Papa John's USA, his former employer, alleging claims of discrimination and retaliation based on his race and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The district court entered summary judgment for Papa John's. The judge concluded that Davis presented no evidence of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

racial discrimination or retaliation; as for sex discrimination, the judge found that Davis failed to exhaust administrative remedies and that, in any event, reasonable jurors could not find in his favor on that claim. Davis challenges only the ruling on his claim of sex discrimination, but we affirm the judgment.

Davis was fired from his job as a driver at a Papa John's pizza restaurant after two disputes with a shift leader named Cassidy Wheeler. As a shift leader, Wheeler clocked workers like Davis in and out. The first dispute began when Davis accused Wheeler and other workers of "eyeballing" him. When they denied it, Davis yelled and cursed at them. At one point Wheeler put her hand on Davis's shoulder. She says she meant it as a calming gesture, but Davis characterizes it as a sexual advance; he pushed her hand away. The argument continued until Wheeler telephoned an offsite manager, who told Davis to go home for the day.

One week later Davis and Wheeler argued again. According to Davis, when he arrived at work, Wheeler demanded that he apologize for calling her and a coworker "racists" the week before. (Davis is black; Wheeler is white.) But Davis objected, insisting that he had said no such thing. Wheeler responded that another coworker—a young woman—had "bigger balls" than Davis and then refused to clock Davis in. Their manager agreed that Davis must leave, and he did so. (Wheeler swore in a declaration that she did not recall this second incident, so the judge considered only Davis's account from his deposition testimony.)

Davis soon complained to Papa John's, accusing Wheeler of sexual harassment during the first dispute. Company investigators concluded that Wheeler's shoulder touch did not constitute harassment but did warrant coaching on nonphysical de-escalation techniques. Meanwhile, Papa John's suspended Davis while it investigated the matter and eventually fired him, citing his "inappropriate" behavior toward coworkers in the first dispute.

Davis filed a charge with the Equal Employment Opportunity Commission. On the charge form, he checked only the boxes for racial discrimination and retaliation, not sex discrimination. In the narrative section, he recounted the two arguments with Wheeler, concluding, "I believe the above actions were taken against me due to my race (black) and retaliation." The EEOC notified Davis of his right to sue.

He then filed this lawsuit asserting, as relevant here, that Wheeler created a hostile work environment on the basis of sex when she touched his shoulder and

commented on his genitals. Davis also alleged racial discrimination, but he does not renew that theory on appeal, and so we say no more about it.

After discovery Papa John's moved for summary judgment. Because Davis did not respond to the motion, the judge confined himself to the facts recounted in the motion and exhibits, and we do the same. *See Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 411 (7th Cir. 2019). The judge granted the motion for two alternative reasons. First, Davis's sexual-harassment claim was unexhausted—and thus barred—because he did not include it in his EEOC charge. *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013). Second, exhaustion aside, reasonable jurors could not find that the shoulder touch and inappropriate comment constituted severe or pervasive misconduct. The judge also dismissed any Title VII claim against Wheeler and other individual defendants because under the statute those workers were not Davis's "employer."

Davis's appellate brief is difficult to parse, but we discern two arguments: that the shoulder touch and verbal insult amounted to sexual harassment after all, and that Davis also suffered sex discrimination when he was sent home in retaliation for rejecting Wheeler's supposed sexual advance after he removed her hand from his shoulder. Yet the brief does not grapple with the judge's conclusion that Davis's sexual-harassment claim fell outside the scope of his EEOC complaint and was therefore unexhausted. This failure to address one of two independent rationales for the judge's decision amounts to a waiver and is a sufficient reason to affirm the judgment. *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 548 (7th Cir. 2017). And in any event, an isolated touch on the shoulder and one crude insult are not objectively severe or pervasive enough to be actionable under Title VII. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 879, 882 (7th Cir. 2018) (concluding no hostile work environment where a coworker touched the plaintiff's arm and lower back and invited her to go skinny dipping). Finally, nothing in the summary-judgment record supports a reasonable inference that Wheeler actually made a sexual advance—let alone that her actions or those of the company were in retaliation for spurning a sexual advance.

AFFIRMED